1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| THE INLANDBOATMEN'S UNION OF THE PACIFIC, | | |
| | Plaintiff, | NO. |
| | v. | COMPLAINT |
| FOSS MARITIME COMPANY, | | |
| | Defendant. | |

## I.      NATURE OF ACTION

1.1     This action is filed by the Inlandboatmen's Union Of The Pacific ("IBU" or "Union") under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), for enforcement of a contract between the IBU and FOSS Maritime Company ("FOSS" or "Employer").

## II.      JURISDICTION AND VENUE

2.1     Jurisdiction of this matter is in this Court pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) and 28 U.S.C. §§ 1331 and 1337.

2.2     Venue is proper in this District by virtue of 28 U.S.C. § 1391(b) as the Defendant and Plaintiff both reside in this judicial district.

COMPLAINT - 1

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.   PARTIES

3.1    Plaintiff IBU is a labor organization, as that term is defined under the Labor Management Relations Act, 29 U.S.C. § 152(5), headquartered in this judicial district;

3.2    Defendant FOSS is a Washington corporation with its headquarters and principal place of business in this judicial district, and for all relevant time periods was an employer as that term is defined under the Labor Management Relations Act, 29 U.S.C. § 152(2).

### IV.   FACTUAL ALLEGATIONS

4.1    On July 11, 2011, Hawaiian Tug & Barge and the IBU entered into a collective bargaining agreement.  At some time after the execution of the collective bargaining agreement, FOSS informed the IBU that Hawaiian Tug & Barge had transitioned to FOSS effective January 1, 2014, and that Hawaiian Tug & Barge was now FOSS.  On June 30, 2014, FOSS and the IBU agreed that the collective bargaining agreement executed on July 11, 2011, would be extended indefinitely, subject to 24 hours written electronic notice of cancellation by either party.

4.2    Under the terms of the collective bargaining agreement, the parties agreed that "[i]n all disputes arising out of the interpretation or the application of this Agreement, the procedure set forth below for settlement of such disputes shall be followed…[setting forth grievance and arbitration procedure]."  The parties also agreed that if the Employer failed to respond within the timeframes set forth in the grievance procedure, "the grievance shall be considered resolved in the employee/Union's favor and the remedy sought by the grievant will be granted."

4.3    On July 3, 2014, the IBU filed a grievance on behalf of bargaining unit member Leonard K. Kapea, Jr., who had been discharged from his employment by FOSS on June 20, 2014.  The grievance claimed the Employer had discharged Mr. Kapea in violation of the collective bargaining agreement and requested that Mr. Kapea "be made whole."

4.4    The Employer denied the grievance on July 7, 2014.

COMPLAINT - 2

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

4.5     The Union advanced the grievance on July 16, 2014.  On the same day, the Employer requested an extension of its deadline to respond to the Union's grievance until August 2, 2014.

4.6     On July 17, 2014, the Union granted the Employer's request for an extension to "no later than Saturday, 2nd August 2014."

4.7     The Employer did not respond by August 2, 2014.  On August 6, 2014, the Union wrote the Employer stating that pursuant to the parties' collective bargaining agreement, the grievance was now considered resolved in the employee's favor and requested that the Employer contact the Union immediately to arrange for Mr. Kapea's return to work.

4.8     The Employer did not respond to the Union's August 6, 2014, letter.

4.9     The Union again wrote to the Employer on August 13, 2014 regarding Mr. Kapea's reinstatement.  The Employer has not reinstated Mr. Kapea or made him whole.

4.10    By refusing to consider the grievance filed by the Union on July 3, 2014, resolved and by refusing to grant the remedy sought by the grievant, FOSS breached its contractual obligation to the IBU.

## V.     CLAIMS FOR RELIEF

5.1     Plaintiffs re-allege and incorporate by reference the allegations made in paragraphs 4.1 through 4.10.

5.2     Defendant's refusal to consider the grievance resolved and grant the remedy sought by the grievant is a violation of the parties' Agreement.

5.3     Pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), this Court is empowered and should compel Defendant to fulfill its contractual obligations.

COMPLAINT - 3

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

1

2

WHEREFORE, Plaintiff Union respectfully prays for judgment against Defendant as follows:

3

4

1.      For an order directing Defendant to reinstate Mr. Kapea and make him whole for his losses; and

5

6

2.      For such other and further relief as the Court deems proper.

7

**DATED** this 11th day of September, 2014.

8

_____

9

Carson Flora, WSBA #37608
Schwerin Campbell Barnard
 Iglitzin & Lavitt LLP
18 West Mercer Street, Suite 400
Seattle, WA 98119-3971
(206) 285-2828 (phone)
(206) 378-4132 (fax)
Flora@Workerlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 4

LAW OFFICES OF
SCHWERIN CAMPBELL
BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER STREET SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828