IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INLANDBOARTMEN'S UNION OF THE PACIFIC,<br><br>          Plaintiff,<br><br>     vs.<br><br>FOSS MARITIME COMPANY,<br><br>          Defendant.<br><br>YOUNG BROTHERS, LIMITED,<br><br>          Intervenor-<br>          Defendant. | CIVIL 15-00025 LEK-KSC |

**ORDER GRANTING PLAINTIFF INLANDBOATMEN'S UNION
OF THE PACIFIC'S AMENDED MOTION FOR LEAVE TO FILE
CORRECTED CONCISE STATEMENT OF FACTS [DOC. 62]**

Before the Court is Plaintiff Inlandboatmen's Union of the Pacific's ("Inlandboatmen") Amended Motion for Leave to File Corrected Concise Statement of Facts [Doc. 62] ("Motion for Leave"), filed on February 5, 2016. [Dkt. no. 95.] On February 10, 2016, Intervenor-Defendant Young Brothers, Ltd. ("Young") filed a memorandum in opposition ("Young Memorandum in Opposition to Motion for Leave"), and on February 16, 2016, Defendant Foss Maritime Co. ("Foss") filed a memorandum in opposition ("Foss Memorandum in Opposition to Motion for Leave"). [Dkt. nos. 100, 104.] Inlandboatmen filed a reply on March 3, 2016. [Dkt. no. 115.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the

Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion for Leave, supporting and opposing memoranda, and the relevant legal authority, Inlandboatmen's Motion for Leave is HEREBY GRANTED for the reasons set forth below.

### BACKGROUND

The Court only repeats the background relevant to the Motion for Leave.  On September 22, 2015, Foss filed a Motion for Summary Judgment ("Foss Motion").  [Dkt. no. 55.]  On November 9, 2015, Inlandboatmen filed a memorandum in opposition, and Foss filed a reply on November 16, 2015.  [Dkt. nos. 61, 64.]  In its reply, Foss argued that Inlandboatmen had not complied with Local Rule 56.1, in that Inlandboatmen "was obligated to object to Foss's evidence if it claimed it was not admissible," and it failed to do so.  [Reply in Supp. of Foss Motion at 2.]  The Motion for Summary Judgment came on for hearing on January 25, 2016 ("1/25/16 Hearing"),[1] where the Court agreed with Foss that Inlandboatmen failed to comply with Local Rule 56.1.

On February 1, 2016, Inlandboatmen filed a Motion for Leave to File Corrected Concise Statement of Facts [62] ("2/1/16 Motion for Leave").  [Dkt. no. 84.]  In an entering order filed

---

[1] At the 1/25/16 Hearing, the Court also heard argument on Young's Motion for Judgment on the Pleadings ("Young Motion"), filed on November 23, 2015.  [Dkt. no. 67.]

on February 3, 2016, the Court denied the 2/1/16 Motion for Leave without prejudice. [Dkt. no. 93.] Thereafter, Inlandboatmen filed the instant Motion for Leave.[2]

Inlandboatmen argues that the Motion for Leave: (1) does not prejudice the parties because its previous concise statement of facts failed to comply with the Local Rules only in style, not in substance; and (2) it would prejudice the interests of justice if the Court were to treat material facts that are very much in dispute as admitted. [Mem. in Supp. of Motion for Leave at 1-2.] The Corrected Concise Statement of Facts, [Motion for Leave, Decl. of Carson Flora ("Flora Decl."), Exh. A (Inlandboatmen's Corrected Concise Statement of Facts) ("Inlandboatmen's Corrected CSOF"),] according to Young, still fails to comply with the Local Rules [Young Mem. in Opp. to Motion for Leave at 3-5].[3] Foss argues, *inter alia*, that: (1) Inlandboatmen's delay in filing the Motion for Leave is especially egregious given that the hearing on the Foss Motion

---

[2] In an entering order filed on February 10, 2016 ("2/10/16 EO"), the Court reserved ruling on the Foss Motion and the Young Motion pending a final resolution of the Motion for Leave. [Dkt. no. 97.]

[3] Young also argues that the Court should not reserve ruling on the Young Motion. [Young Mem. in Opp. to Motion for Leave at 2.] The Court notes that it did not request any briefing on its decision to reserve ruling on the Young Motion. See 2/10/16 EO.

was continued for two months;[4] (2) Foss will be "severely prejudiced" if the Motion for Leave is granted because it was unable to address Inlandboatmen's Corrected CSOF in the briefing on the Foss Motion and at the 1/25/16 Hearing; (3) Foss is being denied the benefit of Local Rule 56.1; (4) the Motion for Leave fails to comply with the Local Rules; and (5) Inlandboatmen's Corrected CSOF is based on inadmissible evidence, and the Motion for Leave is therefore futile. [Foss. Mem. in Opp. to Motion for Leave at 4-8.]

## DISCUSSION

Local Rule 56.1 states, in pertinent part,

> **(b) Opposition Requirements.** Any party who opposes the motion shall file and serve with his or her opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.
>
> . . . .
>
> **(g) Admission of Material Facts.** For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

---

[4] The hearing on the Foss Motion was originally set for November 30, 2015, but, in an entering order filed on November 23, 2015, the Court continued the hearing and set it on the same day as the Young Motion – January 11, 2016. [Dkt. no. 68.] At the request of counsel, [dkt. no. 70,] the Court continued the hearing on the Foss Motion and the Young Motion to January 25, 2016 [dkt. no. 72].

Fed. R. Civ. P. 56(e) states:

> **Failing to Property Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > (1) give an opportunity to properly support or address the fact;
> >
> > (2) consider the fact undisputed for purposes of the motion;
> >
> > (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
> >
> > (4) issue any other appropriate order.

The Advisory Committee Notes on the 2010 Amendment to Rule 56 explain that:

> Subdivision (e)(2) authorizes the court to consider a fact as undisputed for purposes of the motion when response or reply requirements are not satisfied. This approach reflects the "deemed admitted" provisions in many local rules. The fact is considered undisputed only for purposes of the motion; if summary judgment is denied, a party who failed to make a proper Rule 56 response or reply remains free to contest the fact in further proceedings. **And the court may choose not to consider the fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute.**

(Emphasis added.) The Court therefore has discretion to decide whether or not the undisputed facts are deemed admitted.[5]

---

[5] Local Rule 1.3 explains:

> These rules supplement the Federal Rules of Civil
> > (continued...)

5

Here, while Inlandboatmen did not strictly comply with Local Rule 56.1, it did submit a Concise Statement of Facts ("Inlandboatmen's CSOF"), [filed 11/9/15 (dkt. no. 62),] that countered the Concise Statement of Facts filed by Foss in Support of the Foss Motion ("Foss's CSOF") [filed 9/22/15 (dkt. no. 56)]. See, e.g., Foss's CSOF at ¶¶ 11 ("The Hawaiian Tug & Barge [Collective Bargaining Agreement ("CBA")] covered only employees operating Hawaiian Tug & Barge Vessels."), 12 ("The CBA with Young Brothers covers only the Young Brothers' employees operating inter-island tugs."); Inlandboatmen's CSOF at ¶ 2 ("The CBA covers employees of [Hawaiian Tug & Barge] and [Young].").

Moreover, the Local Rules that Young and Foss assert Inlandboatmen's Corrected CSOF violates do not prejudice Foss and Young. Cf. Kosegarten v. Dep't of the Prosecuting Attorney, 907 F. Supp. 2d 1143, 1157 (D. Hawai`i 2012) ("While the Court does not condone Plaintiff's failure to comply with the Local Rules, the Court declines to strike Plaintiff's CSOF because, *inter alia*, there is no indication that Plaintiff's non-compliance was

---

⁵(...continued)
  Procedure and the Federal Rules of Criminal
  Procedure, and shall be construed, administered,
  and employed by the court and parties so as to be
  consistent with those rules and to promote the
  just, efficient, and economical determination of
  every action and proceeding.  If any local rule is
  or becomes in conflict with a federal statutory
  provision or a federal rule, the federal statutory
  provision or federal rule shall govern and apply.

prejudicial to Defendants."). In particular, the Court is unconvinced that Inlandboatmen's Corrected CSOF violates Local Rule 7.2(f). See Foss Mem. in Opp. to Motion for Leave at 7. Local Rule 7.2(f) states that "[a]ll motions shall be accompanied, when appropriate, by affidavits or declarations sufficient to support material factual assertions and by a memorandum of law." The Court agrees with Inlandboatmen that affidavits or declarations were not necessary here. See Reply in Supp. of Motion for Leave at 4 n.1 ("[Inlandboatmen] did not believe it appropriate to submit a declaration with its belief regarding prejudice as ultimately that is a legal issue for the Court to decide.").[6]

Inlandboatmen's delay in filing the Motion for Leave was, at the very least, questionable, but the Court FINDS that the interests of justice weigh in favor of granting the Motion for Leave. In addition, the Court agrees with Foss that it may be prejudiced if it does not have a chance to respond to Inlandboatmen's Corrected CSOF, and the Court FINDS that Foss should have an opportunity to respond. The Court therefore GRANTS the Motion for Leave. Inlandboatmen must file its

---

[6] The Court notes that Foss itself has failed to comply with some of the Local Rules. Local Rule 56.1(h) states, in pertinent part: "Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall only be attached to the concise statement." The declarations that support the Foss CSOF, however, are attached to the Foss Motion.

Corrected Concise Statement of Facts, in the form attached to the Motion for Leave, by **April 8, 2016**.  Foss must file its revised memorandum in opposition, including its revised counter-statements of facts, by **April 18, 2016**, and Inlandboatmen may file its optional reply by **April 25, 2016**.[7]

Finally, as a result of Inlandboatmen's failure to follow the Local Rules, Foss and Young have incurred a additional attorneys' fees and costs.  The Court FINDS that, pursuant to Local Rule 11.1, Inlandboatmen must pay the reasonable attorney's fees and costs related to Foss and Young's response to the Motion for Leave, as well as the attorneys' fees and costs for Foss's revised memoranda in opposition.  Foss and Young must submit a motion pursuant to Local Rule 54.3 within four weeks of Inlandboatmen's filing of its Corrected Concise Statement of Facts.

## CONCLUSION

On the basis of the foregoing, Plaintiff Inlandboatmen's Union of the Pacific's Amended Motion for Leave to File Corrected Concise Statement of Facts [Doc. 62], filed February 5, 2016, is HEREBY GRANTED.

IT IS SO ORDERED.

---

[7] Plaintiff may address the admissibility of the evidence in Inlandboatmen's Corrected CSOF in its revised memorandum in opposition.  The Court will not make a determination on that issue at this time.

DATED AT HONOLULU, HAWAII, March 29, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**INLANDBOATMEN'S UNION OF THE PACIFIC VS. FOSS MARITIME COMPANY; CIVIL 15-00025 LEK-KSC; ORDER GRANTING PLAINTIFF INLANDBOATMEN'S UNION OF THE PACIFIC'S AMENDED MOTION FOR LEAVE TO FILE CORRECTED CONCISE STATEMENT OF THE FACTS**